## NEW YORK METAL CEILING CO. v. MINSKY.

(Supreme Court, Appellate Term.  June 6, 1907.)

CONTRACTS—EVIDENCE—SUFFICIENCY.

In an action on an alleged order for a metal ceiling, evidence *held* to sustain a judgment for defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1819–1823.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the New York Metal Ceiling Company against Louis Minsky. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Cromwell G. Macy, for appellant.

GOFF, J.  The Minsky Realty Company made a contract with the Siegel Construction Company for the alteration and improvement of its buildings. Among other things, this contract provided for "metal ceiling," to be done according to the drawings and specifications of the architect. Subsequently the Siegel Company made a subcontract with the New York Ceiling Company to apply metal ceiling to the basement of the buildings, but "exclusive of portion in rear of corridor." While the workmen of the ceiling company were engaged in the general work of the subcontract, they ceiled the excluded portion in the rear of the corridor. The ceiling company claimed that Louis Minsky, the defendant, claiming to be the owner of the building, ordered this work to be done, and consequently brought suit. It was claimed by plaintiff that the space of ceiling on which extra work was done was excepted from the original contract between the realty company and the constructing company, according to the architect's drawings and specifications. The original contract was silent as to any exception, and had the drawings and specifications, which were made part of the original contract, been put in evidence and exhibited such exception, it would in all probability have decided the question in plaintiff's favor on this appeal; but they were not put in evidence, nor any proof concerning them offered. That left the situation so that the Minsky Company had made a contract with the Siegel Company for all the metal ceiling work, and the Siegel Company made a subcontract with the plaintiff for a part only of the metal ceiling, and with this subcontract the Minsky Company had nothing to do.

Therefore the only ground upon which plaintiff could hold defendant for this extra work was on a special promise, and this promise was alleged to have been given by the defendant. On the trial. the testimony of plaintiff's witnesses on that point was by no means of a definite or conclusive character. Had evidence been given, as already suggested, that the defendant knew that that particular portion of the ceiling was excepted from the contract with the Siegel Company, it would have given a substantial support to the claim of the plaintiff. The defendant denied that he gave an order for the performance of this extra work, and on the issue of veracity thus raised the trial justice was vested with a discretion to decide; and in the absence of any evidence of abuse of discretion, this court will not interfere therewith. It is reasonable to infer from the record that the justice took into consideration two questions which were suggested by the testimony: First, the defendant, having made a general contract for the performance of all the work, was not called upon to look to strangers for the performance of any part of that work; and, second, the plaintiff, being a stranger to the original contract, was not bound to do any work not called for by the subcontract. Questions of fact only arose on the trial, and the judgment of the justice thereon should be affirmed. The respondent not having filed a brief, the affirmance will be without costs.

Judgment affirmed, without costs. All concur.